JOURNAL ENTRY AND OPINION
{¶ 1} On August 20, 2008, the petitioners, George Simakis and Efty Simakis, commenced this writ of prohibition against the respondents, Judge Shirley Strickland Saffold and John Doe, Chair of the arbitration panel in the underlying case, Graewe v. Simakis, et al., Cuyahoga County Common Pleas Court Case No. CV-07-645578, *Page 3 
to prevent a perpetration of fraud upon the court and the parties through a journal entry which read in pertinent part as follows: "Upon advice from counsel and Chair of Arbitration panel, case settled pending preparation of journal entry by parties, same is hereby dismissed with prejudice at defendant's costs ***." On September 9, 2008, the respondent judge moved for summary judgment on the grounds of mootness. The petitioners filed a supplement to their complaint asking for enforcement of the actual arbitration award, and on September 29, 2008, filed a brief in opposition to the judge's summary judgment motion. For the following reasons, this court grants the judge's motion for summary judgment and denies the applications for an alternative writ and a writ of prohibition.
 {¶ 2} The underlying case was a breach of contract case. After initial pleadings, the trial judge referred the matter to arbitration pursuant to local court rules. On July 10, 2008, the arbitrators found in favor of the defendants against the plaintiff. Graewe appealed the arbitration award in the trial court on August 7. Then, on August 14, 2008, the court issued the subject journal entry that upon advice received from the chair of the arbitration panel and counsel, the matter was settled and dismissed with prejudice at defendant's costs. *Page 4 
 {¶ 3} The petitioners argued that this journal entry was a fraud because they had not agreed to settlement. They commenced this prohibition action because they could not appeal a settlement entry and, thus, had no adequate remedy at law.
 {¶ 4} However, on September 4, 2008, the respondent judge issued several journal entries. The first read: "Court has been informed this matter has not been resolved. Counsel to appear for case management conference on 9-16-08 at 10AM." The second provided: "Journal entry entered on the docket on 8-14-08 is hereby vacated. Arbitration department erroneously informed the court case was settled and dismissed. Both parties informed the court a settlement was never reached. Case is hereby returned to the active docket."
 {¶ 5} The respondent judge argues these journal entries render the prohibition case moot. The petitioners' response is difficult to discern. From the attachments to their complaint and their supplemental pleading, they seem to argue that pursuant to an arbitration clause in the contract, which is not before this court in this prohibition action, the arbitration award is final and must be enforced. However, in their brief in opposition to the summary judgment motion, the respondents concede that the judge has jurisdiction over the controversy and that appeal would be an adequate remedy if the judge did not enforce the arbitrator's award. Nevertheless, the petitioners argue that the possibility of criminal fraud is so great *Page 5 
that this court must determine whether such fraud occurred and until it does so, all proceedings in the trial court must stop.
 {¶ 6} Moreover, a recent review of the docket in the underlying case reveals that Graewe dismissed the case without prejudice on April 4, 2009, and that the Simakises confirmed this dismissal by filing a motion to prohibit refiling for lack of subject matter jurisdiction.
 {¶ 7} Accordingly, this court grants the judge's motion for summary judgment on the grounds of mootness. The respondent judge's entry vacating the subject order rendered any issue regarding the status of the underlying case moot, and the dismissal of the underlying case renders any other issue moot. This court denies the application for a writ of prohibition. Petitioners to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR. *Page 1